**LATIN AMERICAN UNION FOR CIVIL RIGHTS, INC., et al., Plaintiffs,**

v.

**BOARD OF ELECTION COMMISSIONERS OF the CITY OF MILWAUKEE et al., Defendants.**

No. 72–C–545.

United States District Court, E. D. Wisconsin.

Oct. 16, 1972.

988

Richard M. Klein, Patricia D. McMahon, Steven H. Steinglass, Freedom Through Equality, Inc., Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by Roch Carter, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action seek a preliminary injunction to compel the board of election commissioners of the city of Milwaukee to appoint registered electors of the city of Milwaukee as special registration deputies pursuant to Wis.Stats. § 6.28(2) and to permit such deputies to register qualified persons through door to door canvassing. It is urged that the present system of permitting the registration of qualified electors to take place only at specific locations and at certain times designated by the board denies low income persons and other residents of the city of Milwaukee their fundamental right to vote.

The defendant Stawicki, executive secretary of the board of election commissioners, has submitted an affidavit which asserts that the board has authorized 131 voter registration sites within the city of Milwaukee where prospective voters may register for the general election to be held on November 7, 1972. These sites include 13 public libraries, four bookmobiles, 31 firehouses, six police stations, six "model cities" library centers, six department stores, 23 grocery stores, all public and private high schools, all colleges and universities, a YWCA center, the Spanish Center, Northcott Neighborhood House, the courthouse and city hall.

As pertinent here, Wis.Stats. § 6.-28(1) provides:

"In 1st class cities, all applications for registry corrections and additions may be made during office hours throughout the year at the office of the city board of election commissioners or *other locations provided by the board with common council approval.*" (emphasis added).

It is not apparent to me, after considering the briefs submitted and especially such cases as Dunn v. Blumstein, 405 U. S. 330, 335, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), and Williams v. Rhodes, 393 U. S. 23, 30, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968), that the plaintiffs are likely to prevail in this case. Therefore, the application for a preliminary injunction should not be granted.

Therefore, it is ordered that the plaintiffs' motion for a preliminary injunction be and hereby is denied.